Paul David MUSIELAK

v.

**ROWAN INTERNATIONAL, INC.**
**and Rowan Companies, Inc.**

Civ. A. No. G–92–546.

United States District Court,
S.D. Texas,
Galveston Division.

March 4, 1993.

Arthur Schechter, Schechter & Associates, Houston, TX, for plaintiff.

Michael D. Murphy, Fulbright & Jaworski, Houston, TX, for defendant.

### ORDER

KENT, District Judge.

Before the Court is the Defendants' Motion for Partial Summary Judgment or, in the Alternative, Motion to Strike. For the reasons set forth below, the Court DENIES the Defendants' motion.

This case involves a seamen who was injured on one of the Defendants' vessels. One of the Plaintiff's claims is that the Defendants arbitrarily and capriciously terminated the Plaintiff's maintenance and cure benefits. Consequently, the Plaintiff seeks attorney's fees and punitive damages. It is to this claim that the Defendants seek partial summary judgment.

Under the Jones Act, an employer has a non-delegable duty to provide an injured seaman with maintenance and cure without reference to liability until the injured seaman reaches maximum medical improvement. *Gaspard v. Taylor Diving & Salvage Co.*, 649 F.2d 372, 374 n. 3 (5th Cir.1981), *cert. denied*, 455 U.S. 907, 102 S.Ct. 1252, 71 L.Ed.2d 445 (1982). When an employer elects to terminate maintenance and cure payments, it does so at its peril. However, the Defendants correctly point out that a plaintiff can recover attorney's fees and punitive damages for the refusal to pay maintenance and cure benefits only when the defendant exhibits callousness and indifference in denying those payments. *Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir.1987). Attorney's fees and punitive damages are not available if the decision was reasonable.

The Defendants claim that their reliance on Dr. Robert Fulford's representations that the Plaintiff has reached maximum medical improvement necessarily precludes the Defendants' potential liability for attorney's fees and punitive damages. Even if Dr. Fulford's conclusion was erroneous, the Defendants argue, the decision at the very least was based on a reasonable assessment of the situation.

However, it is the Court's experience that the termination of maintenance and cure benefits is almost always precipitated by the diagnosis of some physician that declares the seaman ready for work. Just because a doctor finds that maximum medical improvement exists does not necessarily mean that this decision is reasonable. Indeed, the Court has observed maintenance and cure cases in which the doctors' diagnoses have run the gamut of reasonableness. For example, in one case the physician declared an individual ready for work who had not received even analgesic treatment in several months. In another case, however, a doctor found that maximum medical cure existed shortly before the seaman underwent major, invasive surgery. Although both of these fact situations actually occurred in this Court, the facts of the broad majority of these cases fall somewhere in between.

Consequently, the fact that a doctor has determined that an injured seaman has

achieved maximum medical improvement does not necessarily exclude the possibility that an employer acted callously and indifferently in denying maintenance and cure benefits. Here, where two doctors give fundamentally different interpretations of the Plaintiff's condition, it is impossible for the Court to summarily decide that callousness and indifference do not exist.

Summary judgment is appropriate only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A fact is material if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists if there is an authentic issue for trial that must be decided by the trier of fact. In other words, summary judgment should not be granted if the evidence indicates that a reasonable fact finder could decide in favor of the nonmoving party. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Without a doubt, the question of whether the Defendants exhibited callousness or indifference is a question of fact to which the parties have fundamentally different opinions.

In light of the above considerations, the Court concludes that there exists a genuine issue as to whether the Defendant exhibited callousness and indifference in terminating maintenance and cure benefits. Consequently, the Court DENIES the Defendant's Motion for Summary Judgment seeking to dispose of the Plaintiff's claim for attorney's fees and punitive damages. The Court strongly urges both parties to make every effort to settle the maintenance and cure aspects of this case. Failing that, however, the Court assures the parties that the question of whether the Defendant was callous or indifferent will be submitted to the jury.

IT IS SO ORDERED.

Done this 3rd day of March, 1993, at Galveston, Texas.